IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00023-WYD-CBS

DEREK JOHN BRANN,
        Plaintiff,
v.

DEPUTY DADDI,[1]
        Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

THIS MATTER comes before the court on Defendant's Motion to Dismiss (filed April 4, 2005) (doc. # 12).  Pursuant to the Order of Reference dated March 7, 2005 and the memorandum dated April 5, 2005, the Motion was referred to the Magistrate Judge. The court has reviewed the pending Motion, Brann's subsequent filings (dated April 8, 2005, April 20, 2005, and May 4, 2005), Defendant's Reply (filed April 12, 2005), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.


I.      Statement of the Case

Proceeding *pro se*, Brann filed his Amended "Prisoner Complaint" on February 2, 2005, pursuant to the court's January 13, 2005 "Order Directing Plaintiff to File Amended Complaint."[2]  On February 23, 2005, the court dismissed all but one of Brann's claims.

1

(*See* Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge).

Brann's remaining Claim One against Daddi arises out of events that occurred during Brann's incarceration at the Adams County Detention Facility ("ACDF") in Brighton, Colorado.  In Claim One, Brann alleges pursuant to 42 U.S.C. § 1983 that Daddi subjected him to unnecessary force in violation of his Eighth Amendment rights by assaulting him on August 19, 2003 and December 4, 2003. (*See* Amended Prisoner Complaint at pp. 2-4).  Brann alleges that Daddi physically assaulted him twice. (*See* Amended Complaint at pp. 3-4).  Brann seeks punitive, compensatory, and nominal damages.  (Amended Complaint at p. 8 ¶ G).

Daddi has moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  Daddi argues that Brann's allegations fail to adequately state an Eighth Amendment violation. Daddi further argues that, to the extent that Brann is suing him in his individual capacity, he is entitled to qualified immunity.

II.      Standard of Review

The district court will review a motion to dismiss where a qualified immunity defense is asserted "under the customary motion to dismiss standard." *Currier v. Doran*, 242 F.3d 905, 917 (10th Cir. 2001).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set

of facts in support of his claim which would entitle him to relief." *Currier*, 242 F.3d at 917 (internal quotation marks and citation omitted).

Because Brann is proceeding *pro se*, the court must construe his pleadings liberally. *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) (citation omitted). However, the court may not be the *pro se* litigant's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

III.    Analysis

A.    Excessive Force in Violation of the Eighth Amendment

Brann's claim is brought pursuant 42 U.S.C. §1983, which creates a cause of action where a "person . . . under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution." Section 1983 does not create any substantive rights; rather, it creates only a remedy for violations of rights secured by federal statutory and constitutional law. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 616-18 (1979). To establish a claim under § 1983, a plaintiff must prove he was deprived of a right secured by the Constitution or laws of the United States and that the alleged

3

deprivation was committed under color of law.  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

"The use of excessive force by jail officials violates a prisoner's rights under the Eighth Amendment's Cruel and Unusual Punishments Clause when the prisoner is subjected to an 'unnecessary and wanton infliction of pain.' " *Miller v. Glanz*, 948 F.2d 1562, 1566 (10th Cir.1991) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (constitutional inquiry is directed at whether the prisoner was subjected to an "unnecessary and wanton infliction of pain")).   In determining whether an Eighth Amendment violation has occurred, the court must balance the need for application of force with the amount of force actually used.  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

The law recognizes that a prison guard's use of force against a prisoner is not always a constitutional violation.  *Sampley v. Ruettgers*, 704 F.2d 491, 494 (10th Cir. 1983).   The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, "provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (internal quotes and citation omitted).  Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9 (citation omitted).

*See also DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 1999) ("simple act of shoving [plaintiff] qualifies as the kind of de minimis use of force that does not constitute cruel

4

and unusual punishment" and "fall[s] short of what is required to state a claim for excessive force under the Eighth Amendment."); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (allegations that plaintiff "was bumped, grabbed, elbowed, and pushed . . ." were not sufficient to "approach an Eighth Amendment claim").

Turning to the alleged events on August 19, 2003 and December 4, 2003, the court determines that the facts alleged in the Amended Complaint are not sufficient to state a viable claim for excessive force under the Eighth Amendment.

Brann alleges that he was "assaulted" on August 19, 2003 and December 4, 2003. Brann alleges that "[o]n one occasion," Daddi dragged him "in a room only deputys [sic] have keys for and started for me." (Amended Complaint at p. 4). Brann does not specifically describe the second alleged assault. (*See* Amended Complaint). Brann alleges that Daddi "sent me to the infirmary twice," "my back and neck are still very bad," and that Daddi "made my condition worse." (Amended Complaint at p. 4). Brann does not allege how his visits to the infirmary, the condition of his neck and back, or the worsening of his condition were related to Daddi's actions. None of Brann's allegations specifically describe the alleged use of force by Daddi.

Documents attached to the Amended Complaint detail Brann's and other persons' accounts of the August 19, 2003 and December 4, 2003 incidents.[3] There is information in the pleadings that Brann "told Daddi that he would ⊲slam him' if he did take his badge off," and that Brann stated to Daddi "yeh I have a problem, I don't fucking like you," and "you touch me and you will have a problem." (ACDF - Rules Violation Continued (dated

August 23, 2003), Continuation/Supplemental Sheet signed by Deputy Daddi (dated December 4, 2003), both attached to Amended Complaint). Brann's pleadings also indicate that Daddi merely "secured inmate Brann by the back of his shirt and took him to the inmate worker room." (Continuation/Supplemental Sheet signed by Deputy Daddi (dated December 4, 2003), attached to Amended Complaint). Thus, Brann's own pleadings indicate that Brann yelled at and made threatening statements to Daddi and that Daddi merely grabbed Brann by the back of his shirt on December 4, 2003.

While not properly before the court on a motion to dismiss, the "medical files" that Brann filed on May 4, 2005 also do not support his claim for excessive force. Most of the medical records predate August 19, 2003 and December 4, 2003. Two entries contain a general reference to an altercation with a deputy. (*See* Prison Health Services, Inc. Patient Protocols dated August 19, 2003; Health Services Request Form dated September 23, 2003 (included in Brann's May 4, 2005 submission)). However, no deputy is named in the records and no specific injury is described or attributed to the conduct the unnamed deputy. (*See id.*). The medical records also demonstrate that Brann has had chronic lower back pain, as well as other ailments, for several years. Even if the court could consider Brann's "medical files" in response to Defendants' Motion to Dismiss, those files reflect that on or about August 19, 2003 and December 4, 2003, Brann was treated with ice and anti-inflammatory medications for merely *de minimis* physical injuries. (*See* Progress Notes dated August 21, 2003 and December 22, 2003; Treatment Sheet dated August 19, 2003, August 20, 2003, and August 21, 2003; Health

Services Request Form dated September 23, 2003; Prison Health Services, Inc. Physicians' Orders dated August 21, 2003 and December 22, 2003; Inmate Medication Record dated August 21, 2003 to September 21, 2003 and December 22, 2003 (all included in Brann's May 4, 2005 submission)).

In sum, more than Brann has alleged is required to state a claim for a federal cause of action for violation of the Eighth Amendment. *See Bafford v. Nelson*, 241 F. Supp. 2d 1192, 1194, 1202 (D. Kan. 2002) (allegation that defendant punched plaintiff several times in the back of the head after plaintiff was restrained and posed no apparent disciplinary threat could establish reasonable inference that defendant "used force maliciously and sadistically for the very purpose of causing harm"); *Merritt v. Hawk*, 153 F. Supp. 2d 1216, 1224 (D. Colo. 2001) (plaintiff's allegations that prison guards "body-slammed him against walls and the floor, kicked, punched, and choked him, and slammed his head into walls, while he was handcuffed" were "sufficient to allow a reasonable jury to infer defendants were acting with malicious and sadistic intent."); *Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423, 1433 (10th Cir. 1984) (based on evidence that defendant struck plaintiff on the face without cause and shoved him into a wall while he was handcuffed, jury could conclude that defendant used excessive force), *judgment vacated on other grounds*, 474 U.S. 805 (1985). Brann alleges no conduct by Daddi that rises to excessive force under the Eighth Amendment.

Brann also alleges that Daddi "threatened to rip my throat out." (Amended Complaint at p. 4). "However, acts or omissions resulting in an inmate being subjected

7

to nothing more than threats and verbal taunts do not violate the Eighth Amendment."
*McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) (citing *Collins v. Cundy*, 603
F.2d 825, 827 (10th Cir. 1979) ("Verbal harassment or abuse of the sort alleged in this
case [sheriff threatened to hang prisoner] is not sufficient to state a constitutional
deprivation under 42 U.S..C. § 1983."). *See also Adkins v. Rodriguez*, 59 F.3d 1034,
1037-38 (10th Cir. 1995) (harsh, even threatening language does not amount to a
constitutional violation); *Abeyta v. Chama Valley Independent School Dist. No. 19*, 77
F.3d 1253, 1256 (10th Cir. 1996) ("even extreme verbal abuse is insufficient to establish
a constitutional violation"); *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992)
(verbal threats and harassment "are necessarily excluded from the cruel and unusual
punishment inquiry").

Even taken in the light most favorable to Brann, as required, Brann's allegations
of physical force are simply not sufficient to state a claim for excessive force in violation
of the Eighth Amendment. Brann's claim for excessive force is properly dismissed for
failure to state a claim upon which relief may be granted.

B.     Liability in Official or Individual Capacity

It is not clear whether Brann is suing Daddi in his official capacity or his individual
capacity, or both. To the extent that he is suing Daddi in his official capacity, Brann is in
reality attempting to impose liability on Daddi's employer, Adams County. *See Meade v.
Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988) ("[a] judgment against a public servant in

8

his official capacity imposes liability on the entity he represents"). Municipalities and local government entities "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 (1978).

"A claim of inadequate training, supervision, and policies under § 1983 cannot be made out against a supervisory authority absent a finding of a constitutional violation by the person supervised." *Webber v. Mefford*, 43 F.3d 1340, 1344-45 (10th Cir. 1994); *see also City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point."); *Livsey v. Salt Lake County*, 275 F.3d 952, 958 (10th Cir. 2001) ("a municipality may not be held liable for the actions of its employees if those actions do not constitute a violation of a plaintiff's constitutional rights"); *Zuchel v. City and County of Denver*, 997 F.2d 730, 735 (10th Cir. 1993).

To the extent that Brann is suing Daddi in his individual capacity, personal capacity suits pursuant to § 1983 seek to impose personal liability upon a government official for actions he or she takes under color of state law. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). The first step in analyzing a qualified immunity defense is to ask whether the alleged conduct set out a constitutional violation. *Smith v. Cochran*, 339 F.3d 1205,

9

1211 (10th Cir. 2003).  *See also Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1068 (10th

Cir. 2005) (in making the determination whether government officials are entitled to

qualified immunity, the court "must first determine whether the plaintiff has alleged the

deprivation of an actual constitutional right") (internal quotation marks and citation

omitted); *Bisbee v. Bey*, 39 F.3d 1096, 1100 (10th Cir. 1994) (court must resolve whether

plaintiff states a claim for relief before addressing qualified immunity).

As the court has determined that Brann has failed to state a claim for violation of

a clearly established federal statutory or constitutional right by Daddi, Brann has not

stated a claim under § 1983 against this employer, Adams County. For the same reason,

Daddi is entitled to qualified immunity in his individual capacity.  *See Lybrook v.

Members of Farmington Mun. Schools Bd. of Educ.*, 232 F.3d 1334, 1338 (10th Cir. 2000)

(complaint was "insufficient to demonstrate" a First Amendment violation); *Breidenbach

v. Bolish*, 126 F.3d 1288, 1291 (10th Cir. 1997) (because complaint failed to offer

specific, non-conclusory factual allegations sufficient to demonstrate violation of plaintiffs'

Fourth Amendment rights, motion to dismiss on qualified immunity grounds was

properly granted) (citation omitted), *abrogated on other grounds*, 523 U.S. 574 (1998).

C.    Dismissal with or without Prejudice

The court must now decide whether to recommend dismissal with prejudice or

without prejudice. Brann's failure to state an Eighth Amendment claim upon which relief

may be granted is due partially to inadequate pleading.  Dismissal under Rule 12(b)(6) generally is not immediately final or on the merits because the district court may give the plaintiff leave to file an amended complaint to determine whether the shortcomings of the original documents can be corrected.  *See* 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990).  Nevertheless, a court may dismiss a case without further leave to amend where the plaintiff already has had leave to amend and still has failed to state a claim.  *See Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir.) (finding no abuse of discretion in the district court's refusal to grant leave to amend even though it was theoretically possible for plaintiff to allege more specific facts), *amended on other grounds*, 234 F.3d 428 (9th Cir. 2000); *Looper Maintenance Serv. Inc. v. City of Indianapolis*, 197 F.3d 908, 914 (7th Cir. 1999) (district court did not abuse its discretion in denying plaintiff leave to file fourth amended complaint, when plaintiff was given three prior opportunities and made no appreciably substantive changes to complaint); *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 169 (5th Cir. 1999) (district court gave plaintiff several opportunities to amend complaint and provided plaintiff roadmap as to how to amend complaint, but plaintiff was unable to draft complaint that met minimum pleading requirements); *Rampersad v. Deutsche Bank Secs., Inc.*, 2004 WL 616132 at * 8 (S.D.N.Y. 2004) (if the plaintiff already has had leave to amend and still has failed to state a claim, then leave to amend would be futile and should be denied).

Brann has already had several opportunities to cure his pleading deficiencies. On

11

January 13, 2005, the court *sua sponte* directed Brann to file an amended complaint, explaining that a complaint "must specify, simply and concisely, the specific claim for relief the plaintiff is asserting." (*See* "Order Directing Plaintiff to File Amended Complaint" at p. 2).  On February 23, 2005, the court dismissed all of the claims and Defendants in Brann's Amended Complaint except Claim One against Daddi "for failure to comply with the pleading requirements of Fed. R. Civ. P. 8(a).  (*See* "Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge" at p. 3).

By Daddi's Motion to Dismiss, Brann was again given notice and opportunity to amend his pleadings.  In his Motion, Daddi specifically challenged the adequacy of Brann's allegations:

> In this action, Claim One of the Plaintiff's Amended Complaint states that he was ‹assaulted' on 8-19-03 and 12-4-03 by Deputy Daddi.  That is the full extent of the allegations concerning the use of force by Deputy Daddi.  The remaining allegations, at best, lay out alleged verbal threats by Deputy Daddi directed at Plaintiff, but do not discuss the use of physical force by Deputy Daddi.

(Daddi's Motion to Dismiss at p. 4).  Brann merely responded with conclusory statements:

> I am not the one who assaulted him, terrorized, threatened, or humiliated him.
> He abused me of stated action's [sic] and was the one who refused to follow the A.C.D.F. proper procedures.

(Brann's letter filed April 20, 2005 at pp. 1-2 (doc. # 19)).  On May 4, 2005, Brann submitted his "medical files" that contain no additional information concerning any conduct by Daddi. At best, Brann's "medical files" demonstrate that on or about August

19, 2003 and December 4, 2003, Brann received medical treatment for no more than *de minimis* physical injuries.

The broad reading of a *pro se* plaintiff's complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. While "[n]ot every fact must be described in specific detail, . . . conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall*, 935 F.2d at 1110. *See also Beanal*, 197 F.3d at 164 (complaint which contains a "bare bones" allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury does not provide adequate notice). "Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Brann has never requested leave to amend his claim. In response to several opportunities to amend or cure his pleadings, Brann has not yet alleged sufficient facts to state a claim for an Eighth Amendment violation. Brann has continually failed to cure the deficiencies in his claim against Daddi, never making more than conclusory allegations without any specific facts to support those allegations. "We do not require district courts to engage in independent research or read the minds of litigants to

determine if information justifying an amendment exists." *Brever v. Rockwell International Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994). Brann's failure to allege sufficient facts on which a recognized legal claim could be based, after several opportunities to amend his original complaint and to address and correct the substantive problems with his claims, suggests the futility of further amendment. *See Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir. 2000). Even Brann's "medical files" do not support a claim for any more than a *de minimis* injury. The court concludes that the Amended Complaint may properly be dismissed with prejudice.

Accordingly,

IT IS RECOMMENDED that Defendant's Motion to Dismiss (filed April 4, 2005) (doc. # 12) be GRANTED and that this civil action be DISMISSED with prejudice.


**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the

14

basis for the objection will not preserve the objection for *de novo* review.  *See In re Griego*, 64 F.3d at 583;  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *One Parcel of Real Property*, 73 F.3d at 1060.  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections,

15

plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, ___ F.3d ___, 2005 WL 1871118 at * 2, slip op. No. 03-1111 (10th Cir. (Colo.) Aug. 9, 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 22nd day of August, 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

1.      After the court's February 23, 2005 Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge, Daddi is the only Defendant remaining in the case.

2.      An amended complaint supersedes the original complaint, rendering it of no legal effect and waiving all causes of action alleged in the original complaint but not alleged or incorporated into the amended complaint.  *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("an amended pleading ordinarily supersedes the original and renders it of no legal effect") (internal quotation marks and citation omitted); *Kelley v. Crosfield Catalysts,* 135 F.3d 1202, 1204-05 (7th Cir. 1998) (in deciding to dismiss amended complaint, court could not rely on factual allegations made in original complaint but not repeated or incorporated into amended one); *Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("[i]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect") (internal quotations marks and citations omitted).

3.     In considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993). *See also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (in addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity); *San Leandro Emergency Medical Group Profit Sharing Plan v. Philip Morris Companies, Inc.*, 75 F.3d 801, 808 (2d Cir.1996) (only those documents that are specifically attached, or in some way integral to the complaint are to be considered by the court on a motion to dismiss); *Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir.1985) ("a Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference").