UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-00023-WYD-CBS

DEREK JOHN BRANN,

    Plaintiff,

v.

DEPUTY DADDI,

    Defendant.

---

**ORDER ADOPTING AND AFFIRMING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court in connection with Defendant's Motion to Dismiss (filed April 4, 2005). This motion was referred to Magistrate Judge Shaffer for a recommendation by Order of Reference dated March 7, 2005 and memorandum dated April 5, 2005. A Recommendation was filed August 22, 2005, and is incorporated herein by reference. See 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

Magistrate Judge Shaffer recommends therein that Defendant's motion be granted and the case be dismissed with prejudice. *Recommendation of United States Magistrate Judge* at 14. More specifically, the Recommendation notes that the Court previously dismissed all but one of Plaintiff's claims. *Id*. at 1. The remaining claim arises out of events that occurred during Plaintiff's incarceration at the Adams County Detention Facility ["ACDF"]. Plaintiff claims that while at ACDF, Defendant subjected him to unnecessary

force in violation of his Eighth Amendment rights by assaulting him on August 19, 2003 and December 4, 2003. *Id.* at 2. Magistrate Judge Shaffer finds that the facts alleged in the Amended Complaint are not sufficient to state a viable claim for excessive force, and that this claim must be dismissed for failure to state a claim upon which relief can be granted. *Id.* at 5-8.

Magistrate Judge Shaffer further finds that to the extent Plaintiff is suing Daddi in his official capacity, that is an attempt to impose liability on Daddi's employer, Adams County. *Id.* at 8. Since he determined that Plaintiff failed to state a claim for violation of a clearly established federal statutory or constitutional right, Magistrate Judge Shaffer finds that Plaintiff also has not stated a claim under 42 U.S.C. § 1983 against Adams County. *Id.* at 10. For the same reason, Defendant is entitled to qualified immunity in his individual capacity. *Id.*

Finally, after an analysis of whether to dismiss the case with or without prejudice, Magistrate Judge Shaffer recommends that the case be dismissed with prejudice. *Id.* at 10-14. He notes in that regard that Plaintiff "has already had several opportunities to cure his pleading deficiencies" and "has never requested leave to amend his claim." *Id.* Further, he finds that "Brann's failure to allege sufficient facts on which a recognized legal theory could be based, after several opportunities to amend his original complaint and to address and correct the substantive problems with his claims, suggests the futility of further amendment." *Id.* at 14.

Magistrate Judge Shaffer advised the parties that written objections were due within ten (10) days after being served with a copy of the Recommendation. *Id.* at 9.

Despite this advisement, no objections were filed by any party. Plaintiff did, however, send a letter to the Court dated September 2, 2005 (which was filed on September 13, 2005). To the extent the letter can be construed as an objection, it is untimely.

However, even if I construe the letter as a timely objection and make a *de novo* determination as to those specified proposed findings or recommendations to which objection is made, I find no basis to reject the Recommendation. Plaintiff's letter does not address the deficiencies noted in the Amended Complaint or the fact that Plaintiff has had numerous opportunities to cure the deficiencies. The letter does state that Daddi "made my injury's quite worse than they were, I never had as much pain or problem's with my neck before he tried to arrange it for me." *See* Letter filed September 13, 2005 at 2. However, Plaintiff again makes no attempt to provide specific details as to the use of force by Daddi that allegedly caused the injuries, and thus fails to state a valid excessive force claim. *Recommendation* at 5. Further, as noted by Magistrate Judge Shaffer, the medical evidence does not support such a claim. *Id*. at 6.

Plaintiff's letter also states without any explanation that in addition to the Eighth Amendment, his rights were abused in connection with the First, Fifth, Seventh and Ninth Amendments. Without specific factual allegations to support such claims, Plaintiff fails to state a claim upon which relief can be granted with respect to such alleged constitutional violations.

In conclusion, I find that the Recommendation is proper and supported by law, and that Plaintiff's letter (to the extent it is construed as an objection) raises no valid grounds to reverse the Recommendation. Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge dated August 22, 2005, is **AFFIRMED and ADOPTED**.  In accordance therewith, it is

ORDERED that the Motion to Dismiss (filed April 4, 2005) is **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**.

Dated:  October 27, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge